| | | |
|---|---|---|
| **LAURA CURRAN**<br>County Executive |  | **JOHN B. CHIARA**<br>Acting County Attorney |

# COUNTY OF NASSAU
### OFFICE OF THE COUNTY ATTORNEY

October 8, 2021

**VIA ECF**
Hon. Ann M. Donnelly
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Courtroom 4GN
Brooklyn, NY 11201

Re:   Santander Consumer USA, Inc v. the County of Nassau, C&R Automotive, Inc. and Michael Schmeltzer
Docket No. 2.20-cv-4790 (AMD SIL)

Dear Judge Donnelly:

This letter is submitted pursuant to your Individual Practices and Rules in support of the County of Nassau's cross-motion for summary judgment dismissing the complaint against it. It is respectfully submitted that the Plaintiff's Statement of Material Fact and the County's Counterstatement of Material Fact, both submitted by Plaintiff in support of its premotion request, establish the County's entitlement to this relief, establish that the County, not Plaintiff is entitled to summary judgment.

This action arises from the immobilization of a motor vehicle owned by non-party Melissa Jenkins (the "Vehicle") on January 15, 2020, due to a number of unpaid parking and notices of liability incurred for red light camera violations. The Vehicle was immobilized by the County's contractor IPT d/b/a/ Paylock by placing a "boot" on the Vehicles tire. Ms. Jenkins did not take the steps necessary to release the boot pursuant to instructions which were placed on the vehicle along with the boot.

Both Ms. Jenkins and Plaintiff, which according to records maintained by New York State Department of Motor Vehicles, held a lien on the Vehicle, were notified by the County Traffic & Parking Violations Agency by letter dated January 21, 2020, that the Vehicle had been immobilized and removed from its location and were provided with the procedures by which they could arrange for the release of the vehicle. Specifically, Plaintiff was advised that it could submit documentation in order to demonstrate that it was entitled to a possession of the Vehicle. Plaintiff was also advised that it would not be held responsible for any underlying fees or fines to the County but may be liable to the towing company under New York Lien law. Pursuant the County Boot and Tow Policy and Procedure, the County takes no position on the issue but will not refuse to authorize the release of any vehicle on that basis.

However, despite being provided with prompt notice and an opportunity to gain possession of the Vehicle, Plaintiff did not present the County with any documentary evidence demonstrating it was entitled to possession of the Vehicle and instead allowed the

Vehicle to remain with co-defendant C&R Automotive Inc. (C&R) until April 20, 2021. According to plaintiff, on that date the Vehicle was unconditionally returned to its possession by C&R.

Plaintiff alleges three claims for relief against the County: Count I alleges a claim pursuant to 42 USC Section 1983 based on a alleged deprivation of due process and an unreasonable search and seizure in violation of the Fourth and Fourteenth Amendment of the United States Constitution, Count II alleges violations of the New York State Constitution due process and search and seizure provisions and Count III seeks a declaratory judgment declaring any monetary charges null and void, declaring that Defendants violated Plaintiff's due process rights and declaring New York State Lien Law Section 184 and Vehicle and Traffic Law Section 1224 unconstitutional as applied.

With respect to Count I, it is important to note that this is not a case which is governed by *Krimstock v. Kelly*, 306 F.3d 40 (2d Cir. 2002) ( *Krimstock* I) and there is no need for a hearing before an impartial fact finder as Plaintiff repeatedly alleges in the complaint. The County has not sought to either take ownership of the Vehicle or reap the benefit of the proceeds of a sale as in *Krimstock* I. The County did not seek to retain the Vehicle as evidence for use in a criminal proceeding. Rather, pursuant to the County Boot and Tow Policy and Procedure, the County was prepared to release the Vehicle to Plaintiff. The Boot and Tow Policy sets forth a straightforward mechanism for prompt notice to a lienholder and a simple procedure by which a lienholder can demonstrate to TPVA its right to a possession of a vehicle which was not recovered by the vehicle's registered owner promptly when the vehicle was immobilized, thus requiring it be towed from its location.  This is consistent with the recognition in *Mathews v. Eldridge*, 424 U.S. 319 (1976) that due process is a flexible concept. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). *Mathews* provides for a "test for both when a hearing is required (i.e., pre-or post-deprivation) and what kind of procedure is due." *Nnebe*, 644 F.3d at 158.

To determine when a pre-or post-deprivation hearing is required, *Mathews* requires the balancing of (1) the private interest, (2) the risk of erroneous deprivation, and (3) the government's interest. *Mathews* 424 U.S. at 335. The Second Circuit has previously approved a "paper" hearing where, as here, the private interest is minimal, the risk of erroneous deprivation insubstantial and are outweighed by the government's interest. *Bens BBQ, Inc. v. Cty. of Suffolk*, No. 20-3254, 2021 ___ Fed. Appx ___, U.S. App. LEXIS 13160, at *4-5, 2021 WL 1748480 (2d Cir. May 4, 2021).

Plaintiff's remaining claims are moot. Plaintiff admits C&R did not exercise any remedies under New York Lien Law and that Plaintiff regained possession of the Vehicle in April of 2021 without condition. Thus, Plaintiff no longer has a legally cognizable interest in its claims for injunctive and declaratory relief with respect to Count II and Count III. When a plaintiff lacks a legally cognizable interest in the outcome of a case, the case is moot, which deprives the Court of subject matter jurisdiction over the case. *Muhammad v. City of N. Y. Dep't of Corrections*, 126 F.3d 119, 122 (2d Cir. 1977) (citing Cnty. *of Los Angeles v. Davis,* 440 U.S. 625(1979) citations omitted.  Federal courts' inability to review a moot case derives from the requirement of Art. III of the Constitution under which the exercise of judicial power

depends upon the existence of a case or controversy. Id. (citing *DeFunis v. Odegaard*, 416 U.S. 312, 316, 94 S. Ct. 1704, 40 L. Ed. 2d 164 (1974)).

Therefore, based on the foregoing, it is respectfully submitted that that the County should be permitted to proceed with its cross-motion for summary judgment.

        Very truly yours,

        JOHN B. CHIARA
        Acting County Attorney of Nassau County

BY: *Laurel R Kretzing*

        LAUREL R. KRETZING
        Deputy County Attorney
        Direct Dial: (516) 571-3012
        lkretzing@nassaucountyny.gov