# QUATELA | CHIMERI PLLC

Alexander E. Sendrowitz, Esq.
*Partner*
Direct Dial 631.652.6122
aes@qclaw.com

October 8, 2021

***VIA ECF***
Hon. Ann Donnelly
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **RE:** **Santander Consumer USA, Inc., v. The County of Nassau, et al.**
> **Docket No. 20-cv-04790 (AMD)(SIL)**

Dear Judge Donnelly:

Our firm represents Defendants C&R Automotive, Inc. ("C&R") and Michael Schmeltzer (collectively, the "C&R Defendants") in connection with the above-referenced matter. We write, pursuant to Rule 4(A) and 4(B) of the Court's Individual Rules and Your Honor's September 23, 2021 Order, to respectfully request a pre-motion conference in anticipation of filing a cross-motion for partial summary judgment pursuant to Federal Rules of Civil Procedure 56. The parties have exchanged Rule 56.1 statements and counterstatements pursuant to Rule 4(B)(i) of the Court's Individual Rules, all of which are annexed to Plaintiff's application for a pre-motion conference. (DE No. 23).

Plaintiff's claims pertain to the immobilization on January 15, 2020, of a 2016 Nissan Rogue motor vehicle (the "Subject Vehicle"), owned by non-party Melissa Jenkins.[1] The Subject Vehicle was immobilized by IPT LLC d/b/a Paylock ("Paylock"), and thereafter towed by the C&R Defendants and stored on C&R's premises.[2]

---

[1] On or about September 25, 2018, Ms. Jenkins purchased the Subject Vehicle with financing, and the retail installment contract was thereafter assigned to Plaintiff.

[2] To fulfill its obligations to the County of Nassau in connection with its Boot and Tow Program, Paylock engaged the services of C&R to perform work in the area of towing and impoundment of motor vehicles, pursuant to a contract dated September 24, 2018.

---



Attorneys and Counsellors at Law



888 Veterans Memorial Highway, Suite 530 • Hauppauge, New York 11788
t. 631.482.9700 | f. 631.482.9707

320 Old Country Road, Suite 206 • Garden City, New York 11530
t. 516.444.4200 | f. 516.4444201



As stated in the County of Nassau's pre-motion application (DE No. 24), both Ms. Jenkins and Plaintiff were notified by the Nassau County Traffic & Parking Violations Agency, by letter dated January 21, 2020, that the Subject Vehicle had been immobilized and removed from its location, and were provided with the procedures by which they could arrange for the release of the same. Plaintiff failed to comply with Defendants' conditions for release, and the Subject Vehicle remained with the C&R Defendants until April 20, 2021, when it was then unconditionally released to Plaintiff.

Plaintiff alleges, among other things, a violation of its civil rights, pursuant to 42 U.S.C. § 1983, for the alleged deprivation of property without due process of law, and an unreasonable seizure of the Subject Vehicle, in violation of the Fourteenth and Fourth Amendments to the United States Constitution, respectively.

"To establish a claim arising under Section 1983, a plaintiff must allege: '(1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law.'" *McLaughlin v. Barron,* 2018 WL 1872535, at *3 (S.D.N.Y. Jan. 24, 2018). "[E]ven if a private actor engages in conduct under the color of state law," however, "there must be a causal link between the state action and the alleged constitutional violation in order to have a valid section 1983 claim." *Doney v. Hammond City*, No. 15-21132016, 2016 WL 5072409, *3 (E.D. La. Sept. 9, 2016); *see e.g., Mays v. Scranton City Police Dep't,* 503 F. Supp. 1255, 1264 (M.D. Pa. 1980) ("The mere fact that a tower acts 'under color of state law,' however, does not necessarily make him liable to a civil rights plaintiff. A causal link between the state action and the alleged constitutional violation must be established before liability attached.").

For the reasons set forth in the County of Nassau's pre-motion conference letter (DE No. 24), the C&R Defendants agree that there was no need for a hearing before an impartial fact finder. If the Court determines that such a hearing was constitutionally required, however, the burden of providing the same should not fall on the C&R Defendants. In that connection, the *Mays* Court provides guidance pertaining to the "tripartite" relationship of the tower, the municipal entity who directed the tow, and the vehicle owner, with regard to providing a deprivation hearing:

> Although the tower retains the vehicle and thus plays a central role in the government appropriation of property, he is not in a position to provide the procedural avenue by which the vehicle may be released … the tower is not the party in the tripartite relationship of tower, city, and vehicle owner to provide the hearing.

*Mays*, 503 F. Supp. at 30.

As "[t]he towing itself is not the constitutional deprivation; nor can the detention of the vehicle alone be considered a denial of constitutional rights," *Id.* at 27, Plaintiff cannot establish a causal link between the C&R Defendants' actions and the alleged constitutional violation for section 1983 liability to attach.

In the event the Court determines that the C&R Defendants improperly seized the Subject Vehicle and/or failed to provide Plaintiff with a hearing, the C&R Defendants invoke the good faith defense. *See Clement v. City of Glendale*, 518 F.3d 1090 (9th Cir. 2008) (good faith defense available to private tow-truck operator who seized plaintiff's car pursuant to erroneous instruction of police officer). Like the tower in *Clement*, the constitutional defect here could not have been observed by the C&R Defendants at the time when the tow was conducted; there would be no easy way for a private towing company to know whether the owner had been notified of a hearing or not. Nor would the C&R Defendants be aware of the other facts and circumstances that would be relevant in determining whether giving notice of a hearing was constitutionally required. *See id.*, at 1097.

Very truly yours,

ALEXANDER E. SENDROWITZ

Cc:    All Counsel, *via ECF*

4829-2858-1886, v. 4