

7 Times Square
21st Floor
New York, NY 10036
T: 908-722-0700
F: 908-722-0755

*Direct Dial: 908-252-4208*
*Email: naduston@norris-law.com*

October 15, 2021

<u>**Via ECF**</u>
Judge Ann Donnelly
United States District Court Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    **Re:** **Santander Consumer USA, Inc. v. County of Nassau *et. al.***
       **Dkt. No. 20-cv-04790 (AMD)(SIL)**

Dear Judge Donnelly:

  This firm represents Santander Consumer USA, Inc. ("Santander") in the above-referenced action. I write in accordance with Rule 4(A) of Your Honor's Individual Practices, to respond to the pre-motion letter filed by the County of Nassau ("Nassau") in support of its anticipated cross-motion for summary judgment (the "Pre-Motion Letter"). Dkt. 24.

  It is without dispute that Nassau seized a vehicle in which Santander held a lien for the purpose of enforcing payment of unadjudicated traffic and/or parking tickets. Upon seizure of the vehicle, towing and storage charges became began to accrue. It is similarly without dispute that Nassau engaged private contractors for the purpose of seizure, towing, storage, and other operational details in connection with performance of Nassau's Boot and Tow Policy. By these contracts, Nassau empowers private contractors to physically seize vehicles under the mantle of Nassau's police powers.[1] Nassau also determines the conditions under which a vehicle may be released when someone claims it and the conditions under which a vehicle may be disposed of if a vehicle is not claimed. It is Santander's position in this litigation that the relationship between Nassau and the private contractors constitutes a joint enterprise and the unlawful conduct complained of herein is jointly and severally chargeable to all defendants.

  A review of the Pre-Motion Letter indicates that Nassau intends to seek dismissal of Santander's claims based upon the following arguments: (i) due process was satisfied in this case;

---

[1] Without Nassau's police powers, Paylock and its towing subcontractor, C&R, would be committing theft and extortion by taking custody of vehicles and demanding money for their return.



**Norris McLaughlin, P.A.**

October 15, 2021
Page 2

and (ii) Santander's remaining claims are moot because the vehicle has been recovered. These arguments lack merit.

Nassau argues that due process was satisfied in this case but manifestly fails to specify the form of process that was, in its view, afforded to Santander or explain how such process satisfies the factors set forth in Mathews v. Eldridge, 424 U.S. 319 (1976). Rather, Nassau *suggests* that because a "paper" hearing was approved in Bens BBQ, Inc. v. County Suffolk, No. 20-cv-3254, 2021 WL 1748480 (2d Cir. May 4, 2021), that such a process is sufficient in this case as well. Preliminarily, Bens BBQ, Inc. has no bearing on this case. In Bens BBQ, Inc., the plaintiff challenged a law that permits imposition of fines without the option to participate in a live hearing. In that case, however, the County had a pre-deprivation written appeal process (subject to the provisions of Article 78) and commenced an action in court to collect the fines. Bens BBQ, Inc., 2021 WL 1748480, at *5-6. In this case, Nassau did not mitigate the risk of erroneous deprivation by either offering a written appeal process or seeking an adjudication of the fines prior to enforcement. Furthermore, the seizure of a vehicle does not equate to a fine that ranges from $100-$500 dollars, which the court deemed minimal in Bens BBQ, Inc.

Furthermore, in this case, Nassau compensates C&R Automotive Inc. ("C&R") by delegating the mantle of its municipal authority to C&R in order to permit it to extract fees from parties like Santander. Nassau cannot use an independent contractor to do what it would not be legally permitted to do itself, and try to wash its hands of the consequences. West v. Atkins, 487 U.S. 42 (1988) ("[c]ontracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights. The State bore an affirmative obligation. . . the State delegated that function to [the Physician]; and [the Physician] voluntarily assumed that obligation by contract").

Although it is correct that due process is a flexible concept, such that the form of procedure may vary, there is no authority for the absence of process entirely. If it is Nassau's position that the letter dated January 21, 2020 constitutes satisfaction with due process requirements then, for all of the reasons stated herein and in Santander's letter requesting a pre-motion conference (Dkt. 23), that argument fails. See, e.g., Propert v. D.C., 948 F.2d 1327, 1332 (D.C. Cir. 1991) ("Every court which has considered the issue has held that the owners of towed vehicles-whether illegally parked, abandoned or junk-are entitled, at minimum, to post-deprivation notice and a hearing."); Harrell v. City of New York, 138 F. Supp. 3d 479, 492 (S.D.N.Y. 2015) ("What it [the City of New York] cannot do, consistent with the Fourth Amendment, is summarily seize property . . . and hold the property as leverage to ensure payment. . . ."). Mailing a list of demands is not a paper hearing, or any hearing.

Similarly, Nassau makes no effort to explain how Santander's remaining claim for declaratory relief is mooted by its recovery of the vehicle. Indeed, this argument essentially presents a catch 22 – if Santander doesn't recover the vehicle, Nassau will assert that Santander failed to mitigate its damages; if Santander does recover the vehicle, Nassau will assert that such

**Norris McLaughlin, P.A.**

October 15, 2021
Page 3

recovery moots Santander's claims. Notwithstanding, this argument fails to account for a well-established exception to the doctrine of mootness: "capable of repetition, yet evading review."

Nassau admits the conduct at issue in this case took place pursuant to its Boot and Tow Policy. The mere fact that in the context of litigation, Nassau and C&R made a one-off decision to permit Santander to recover this particular vehicle without paying towing and storage fees does not in any way dictate Nassau's performance under the policy moving forward and Santander has an interest in the outcome of its claim. See Murphy v. Hunt, 455 U.S. 478 (1982) ("In general a case becomes moot "'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'").

The "capable of repetition, yet evading review" exception prevents a declaratory judgment action from becoming moot under circumstances where "there was a reasonable expectation that the same complaining party would be subjected to the same action again." Murphy, 455 U.S. at 482. In Super Tire Engineering Co. v. McCorkle, 416 U.S. 116 (1974), in the context of a labor dispute with striking workers, petitioners challenged a state policy that provided certain benefits to the striking workers. During the course of the action, the labor dispute was resolved, the workers agreed to return to work, and the respondent sought to have the case dismissed as moot. The Supreme Court observed that where a "case involves governmental action, [courts] must ponder the broader consideration whether the short-term nature of that action makes the issues presented here 'capable of repetition, yet evading review,' so that petitioners are adversely affected by government 'without a chance of redress.'" McCorkle, 416 U.S. at 122. In that case, the governmental policy was "fixed and definite," and the policy, "by its continuing presence, cast what might well be a substantial adverse effect on the [petitioners'] interest." Accordingly, the doctrine of mootness did not apply. Here too, Nassau's Boot and Tow Policy is fixed and definite and casts a similar adverse effect on Santander's interest. The controversy is not mooted by Santander's recovery of one vehicle.

For these reasons as well as the reasons stated in Santander's letter requesting a pre-motion conference (Dkt. 23), Santander is entitled to summary judgment and there is no merit to Nassau's arguments seeking dismissal. Thank you for your consideration.

Respectfully Submitted,

**Norris McLaughlin, P.A.**

By: _____
Nicholas Duston

Enclosures
cc:     All Counsel of Record (via ECF)