

7 Times Square
21st Floor
New York, NY 10036
T: 908-722-0700
F: 908-722-0755

*Direct Dial: 908-252-4208*
*Email: naduston@norris-law.com*

October 15, 2021

<u>Via ECF</u>
Judge Ann Donnelly
United States District Court Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Santander Consumer USA, Inc. v. County of Nassau *et. al.*
      Dkt. No. 20-cv-04790 (AMD)(SIL)

Dear Judge Donnelly:

  This firm represents Santander Consumer USA, Inc. ("Santander") in the above-referenced action. I write in accordance with Rule 4(A) of Your Honor's Individual Practices, to respond to the pre-motion letter filed by the defendants C&R Automotive Inc. ("C&R") and Michael Schmeltzer ("Schmeltzer" and together with C&R, the "C&R Defendants") in support of their anticipated cross-motion for summary judgment (the "Pre-Motion Letter"). Dkt. 26.

  A review of the Pre-Motion Letter indicates that the C&R Defendants intend to seek dismissal of Santander's claims based upon the following arguments: (i) by reference to the arguments made by the County of Nassau, and (ii) the burden of complying with due process should not fall on the C&R Defendants, pursuant to <u>Mays v. Scranton City Police Dept.</u>, 503 F.Supp. 1255 (M.D. Penn. 1980). These arguments lack merit.

  In response to the C&R Defendants' reference to the arguments by the County of Nassau ("Nassau"), Santander hereby references and incorporates the arguments made in its letter requesting a pre-motion conference (Dkt. 23) and in response to Nassau's pre-motion letter (Dkt. 24), filed and served herewith.

  The C&R Defendants' latter argument, that they are not in a position to afford due process prior to undertaking the conduct complained of herein, is nonsensical. Without the mantle of municipal authority, the C&R Defendants' conduct in taking custody of vehicles and demanding money for their return amounts to theft and extortion. If the C&R Defendants were empowered by municipal authority to take these actions, then with such authority comes the responsibility of due process.



BRIDGEWATER, NJ | NEW YORK, NY | ALLENTOWN, PA

WWW.NORRISMCLAUGHLIN.COM

**Norris McLaughlin, P.A.**

October 15, 2021
Page 2

Contrary to the C&R Defendants' position, Mays v. Scranton City Police Dept., 503 F.Supp. 1255 (M.D. Penn. 1980) does not apply to this case and is unpersuasive. The court in Mays held that the failure to provide a hearing was not the towing contractor's omission, it was the municipality's omission, so there was a causal break between the unlawful action and the constitutional violation. First, this case is different from Mays because the constitutional violations alleged by Santander are broader. The Court in Mays was only concerned with a violation of the Fourteenth Amendment. Here, the defendants are charged with violating the Fourth and Fourteenth Amendments. In addition, the Mays court's rationale for dismissing the towing contractor of liability is not persuasive. Although the court agreed that "the private towing company is a 'willful participant' in a joint activity with the State or its agents, and there is a 'sufficiently close nexus between the State and the challenged action of the (towing company) so that the action of the latter may be fairly treated as that of the State itself,'" the court absolved the towing company of any responsibility for its "willful" actions. Indeed, the court simply and summarily determined that a tow contractor is not concerned with whether or not the tow was valid, only with who it can seek payment from, and for this reason cannot be held liable. Indeed, the court simultaneously describes the tow contractor as playing a "central role" and being an "innocent bystander."

The court, in Addante v. Village of Elmwood Park, 541 F.Supp. 497, 498 (E.D. Ill. 1982), observed this lapse in reasoning well:

> This Court cannot accept the Mays reasoning. No one forces the tower to accept the economic benefits the Ordinance makes available to it. It could simply refuse to tow a vehicle if due process has not been accorded the owner. If it does not, there is no unfairness in requiring it to bear the burdens together with the benefits of the Ordinance.
> Due process liability must be viewed in causation terms. See, Monell v. Department of Social Services, 436 U.S. 658, 692, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). If this Court finds a violation of due process the question is not who is best equipped to remedy the violation but rather who caused the violation. From that perspective [the towers] cannot be dismissed from this action. They cannot play the ostrich and contend they were not interested in whether [plaintiff] was provided a hearing. Their act of towing was an integral part of-and a causal factor in-the alleged due process violation.

Furthermore, Mays is an outlier and tow contractors are generally found liable in similar actions. See, e.g. Stypmann v. City and County of San Francisco, 557 F.2d 1338 (9th Cir. 1977); Tedeschi v. Blackwood, 410 F.Supp. 34 (D. Conn. 1976); see also West v. Atkins, 487 U.S. 42 (1988) (independently contracted prison doctor is liable under § 1983; "[c]ontracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to

**Norris McLaughlin, P.A.**

October 15, 2021
Page 3

vindicate their Eighth Amendment rights.  The State bore an affirmative obligation. . . the State delegated that function to [the Physician]; and [the Physician] voluntarily assumed that obligation by contract"); <u>Marulli v. Alloy</u>, No. CIV.A. 04-2869 (JLL), 2006 WL 2772553, at *4 (D.N.J. Sept. 23, 2006) ("[i]ndependent contractors can be liable for § 1983 violations if they are acting in a joint function with the State").

      For these reasons as well as the reasons stated in Santander's letter requesting a pre-motion conference (Dkt. 23), Santander is entitled to summary judgment and there is no merit to the C&R Defendants' arguments seeking dismissal. Thank you for your consideration.

                            Respectfully Submitted,

                            **Norris McLaughlin, P.A.**

                          By: _____
                              Nicholas Duston

Enclosures
cc:    All Counsel of Record (via ECF)