| | | |
|---|---|---|
| **LAURA CURRAN**<br>County Executive |  | **JOHN B. CHIARA**<br>Acting County Attorney |

## COUNTY OF NASSAU
### OFFICE OF THE COUNTY ATTORNEY

October 15, 2021

**VIA ECF**
Hon. Ann M. Donnelly
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Courtroom 4GN
Brooklyn, NY 11201

    Re:    Santander Consumer USA, Inc v. the County of Nassau, C&R Automotive, Inc. and Michael Schmeltzer
            Docket No. 2.20-cv-4790 (AMD SIL)

Dear Judge Donnelly:

    This letter is submitted on behalf of defendant County of Nassau pursuant to your Individual Practices and Rules in response to plaintiff Santander Consumer USA, Inc.'s pre-motion conference letter dated October 8, 2021. The Court is respectfully referred to the County's pre-motion conference letter, submitted on October 8, 2021, in support of the County's cross-motion for summary judgment, for the full exposition of the County's position with respect to the merits of this action.

    The cases plaintiff cites in its pre-motion letter do not support plaintiff's claims made in this case. Most of the cases plaintiff relies upon are cases in which a vehicle owner challenges a municipality's failure to provide a meaningful pre- or post-deprivation procedure arising from motor vehicle seizures or forfeitures akin to the issues in *Krimstock v. Kelly*, 306 F.3d 40 (2d Cir. 2002). Plaintiff is not the vehicle's registered owner and plaintiff does not have standing to raise claims that belong to the registered owner of a vehicle.

    The only case that plaintiff cites to in its October 8th letter concerning the rights of a lien holder is *Am. Honda Fin. Corp. v City of Revere*, 471 F. Supp. 3d 399 (D. Mass. 2020). In that case, the City provided the lien holder with no notice, no hearing or mechanism to retrieve the vehicle and sold the vehicle free of plaintiff's lien hold interest, effectively destroying the plaintiff's interest in the vehicle. That is not the situation before this Court. Here, plaintiff was provided with prompt notice that the vehicle had been taken into custody and provided with a written explanation of the procedure to retrieve the vehicle, and the consequences if it did not retrieve the vehicle from the tow yard, i.e., that the tow yard may exercise its rights under New York Lien Law. Plaintiff was advised that the County disclaimed any interest in the vehicle.

    The fact that the procedure required plaintiff to provide proof that it, and not the vehicle's registered owner, was entitled to possession and to release the County and the tow operator does not rise to the level of a constitutional deprivation. This is particularly true in

this case because plaintiff did not even attempt to comply with the County's procedure and obtained possession of the vehicle without condition.

Therefore, based on the foregoing, it is respectfully submitted that that the County should be permitted to proceed with its cross-motion for summary judgment.

      Very truly yours,

      JOHN B. CHIARA
      Acting County Attorney of Nassau County

BY: *Laurel R Kretzing*
      LAUREL R. KRETZING
      Deputy County Attorney
      Direct Dial: (516) 571-3012
      lkretzing@nassaucountyny.gov